UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALLEY NATIONAL GAS, INC.,

    Plaintiff,

Case No. 07-11675

v.

Honorable John Corbett O'Meara

MICHAEL B. MARIHUGH,

    Defendant.
                                 /

## ORDER GRANTING COUNSEL'S JUNE 16, 2008 MOTION
## FOR STAY OF ORDER AWARDING ATTORNEYS FEES AND COSTS
## UPON POSTING OF FULL SUPERSEDEAS BOND

This matter came before the court on the motion of defendant Michael B. Marihugh's former counsel for stay of the court's June 5, 2008 Order Awarding Attorney Fees and Costs and/or for Approval of a Supersedeas Bond. Defendant Marihugh filed a response June 20, 2008; and plaintiff Valley National Gas ("Valley") filed a response June 30, 2008. No reply was filed; and pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

### BACKGROUND FACTS

The court entered an order June 5, 2008, awarding plaintiff Valley's motion for reasonable attorneys' fees and costs in the amount of $156,861.37. The order made clear that the amount was to be paid to Valley by defendant Marihugh's former counsel, the law firm of Cohen, Lerner & Rabinovitz, P.C. ("Cohen"). Cohen has now filed its Notice of Appeal of the June 5 order, as well as this motion for stay of the order pending appeal. Cohen requests that the court enter a stay of execution of the June 5 order without the posting of a bond and in the alternative requests that if the

court orders Cohen to post a bond that it be "in the lowest amount necessary to protect [Valley]." Cohen's mot. br. at 7.

## LAW AND ANALYSIS

Rule 62(d) of the Federal Rules of Civil Procedure permits an appellant to obtain a stay of a monetary award by posting a supersedeas bond. As this court previously noted in Hamlin v. Charter Township of Flint, 181 F.R.D. 348, 351 (E.D. Mich. 1998),

> For the appellee, Rule 62(d) effectively deprives him of his right to enforce a valid judgment immediately. Consequently, the appellant is required to post the bond to provide both insurance and compensation to the appellee. The supersedeas bond protects the non-appealing party 'from a risk of later uncollectible judgment' and also 'provides compensation for those injuries which can be said to be the natural and proximate cause of the stay . . . . Therefore, ***Rule 62(d) establishes not only the appellant's right to a stay, but also the appellee's right to have a bond posted.***

Id. (citations omitted, emphasis added).

Cohen alternatively requests that this court order a supersedeas bond "in the lowest amount necessary to protect the non-appealing party." Cohen's mot. br. at 7. In Hamlin, however, this court found that "[b]ecause of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required." Id. Furthermore, "only in 'extraordinary circumstances' should anything less be required." Id. See also, EB-Bran Prods., Inc. v. Warner Elektra Atlantic, Inc., 2006 WL 1851010 at *2 (E.D. Mich. 2006). There should be no waiver or modification of the bond requirement unless, for example, "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money," or "the requirement would put the defendant's other creditors in undue jeopardy"; and even in these events, the appellant must "present 'a financially secure plan for

2

maintaining that same degree of solvency during the period of an appeal.'" Hamlin, 181 F.R.D. at 353 (citation omitted).

In this case Cohen has not satisfied the burden of demonstrating "extraordinary circumstances" that might override the requirement of posting a full supersedeas bond. Instead, Cohen complains only that the judgment will "severely impact the firm's financing and the costs of that financing will never be recoverable." Cohen mot. br. at 4. However, the fact that Cohen may need to finance the award or that it may be subject to unrecoverable finance charges and interest does not constitute "extraordinary circumstances." This is exactly the type of injury against which a supersedeas bond is designed to protect--the possibility that a judgment may later be uncollectible.

Valley seeks a supersedeas bond in the amount of $175,000, an amount that represents the court's June 5 award, plus estimated interest and costs on appeal. However, the court will order bond only in the amount of the original award of attorneys' fees and costs, $156,861.37.

## **ORDER**

It is hereby **ORDERED** that Cohen's motion for stay is **GRANTED** upon Cohen's posting of a supersedeas bond in the amount of $156,861.37.

s/John Corbett O'Meara
United States District Judge

Date: October 14, 2008

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 14, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager

3